JENNIFER C. Van Syckle, Esq.
JASINSKI, P.C.
60 Park Place, 8th Floor
Newark, New Jersey 07102
Tel: (973) 824-9700
Fax: (973) 824-6061
jvansyckle@jplawfirm.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RHONDA DANNA, <br><br> Plaintiff, <br> v. <br><br> EXPEDITIVE LLC., <br><br> Defendant. | Civil Case No: <br><br> **NOTICE OF REMOVAL** <br><br> Document Electronically Filed |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that Defendant Expeditive LLC ("Defendant"), by and through its undersigned counsel, hereby removes the civil action pending in the Superior Court of New Jersey Law Division, Salem County, Docket No: L-221-15 to the United States District Court for the District of New Jersey and respectfully shows that:

1. On or about December 1, 2015, Rhonda Danna ("plaintiff") filed a five-count Complaint against Defendant, seeking to recover alleged damages resulting from Defendant's alleged unlawful conduct. A copy of the Complaint is attached hereto as Exhibit A.

2. This action is being removed pursuant to 28 U.S.C. §1441.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) on behalf of Defendant.

4. The United States District Courts have original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331. Count I of the Complaint alleges a violation of the Federal Labor Standards Act (FLSA). (See Exhibit "A" at p.10-11). Thus, the Complaint has federal question jurisdiction pursuant to 28 U.S.C. §1331. The District Court would also have jurisdiction over Plaintiff's state law claims.

5. Written notice of the filing of this Notice of Removal has been provided to Plaintiff. A copy of this Notice of Removal is being simultaneously filed with the Clerk of the Superior Court of New Jersey, Salem County and served upon Plaintiff through her counsel.

**WHEREFORE**, Defendant respectfully requests that the action be removed from the Superior Court of New Jersey, Law Division, Salem County, to this Court as an action properly removed thereto.

Dated: January 4, 2016

JASINSKI, P.C.
Attorneys for Defendant
Expeditive LLC

By: s/ Jennifer C. Van Syckle
JENNIFER C. VAN SYCKLE

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 4, 2016, a copy of the foregoing Notice of Removal was served via Federal Express upon:

>Clerk of the Court, Law Division
>Superior Court of New Jersey
>Salem Vicinage
>92 Market Street
>Salem, New Jersey 08079
>
>Benjamin Friedman, Esq.
>Law Offices of Benjamin Friedman
>One Greentree Centre
>10000 Lincoln Drive East, Suite 201
>Marlton, New Jersey 08053

Dated: January 4, 2016

JASINSKI, P.C.

By: s/ Jennifer C. Van Syckle
JENNIFER C. VAN SYCKLE
60 Park Place, 8th floor
Newark, New Jersey 07102
T: 973-824-9700
F: 973-824-6061
jvansyckle@jplawfirm.com

Attorneys for Defendant
Expeditive LLC

# Exhibit A

Superior Court of New Jersey
Salem

DEC - 1 2015

FINANCE DEPARTMENT
Received
Not
Filed

NJ Attorney ID: 02246
bfriedman@benfriedmanlaw.com
**LAW OFFICES OF BENJAMIN FRIEDMAN**
One Greentree Centre
10000 Lincoln Drive East ,Suite 201
Marlton, NJ 08053
856-719-6600
Attorney for Plaintiff, Rhonda Danna

| | |
|---|---|
| RHONDA DANNA : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| : | SALEM COUNTY |
| Plaintiff, | |
| : | |
| vs. | DOCKET NO.: |
| : | |
| EXPEDITIVE LLC | COMPLAINT AND DEMAND FOR |
| : | JURY TRIAL |
| Defendant, | |

From the State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deputyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and

a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will no protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling ones of the Lawyer Referral Services. A directory with contract information for local Legal Services Office and Lawyer Referral Services is available in the Civil Division Management Office in the County listed above and online at http://www.judiciary.state.nj.us/prose/10153_deputyclerklawref.pdf.

Dated: December 1, 2015        /s/ Michelle M. Smith, Clerk
                                            Michelle M. Smith, Esq. Clerk
                                            Clerk of the Superior Court

Name of Defendant to be served: City of Camden Board of Education

Address of Defendant to be served:     5 Independence Way, Suite 201
                                                             Princeton, NJ

NJ Attorney ID: 02246
bfriedman@benfriedmanlaw.com
**LAW OFFICES OF BENJAMIN FRIEDMAN**
One Greentree Centre
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
856-719-6600
Attorney for Plaintiff, Rhonda Danna

| | |
|---|---|
| RHONDA DANNA : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| : | SALEM COUNTY |
| Plaintiff, | |
| : | |
| vs. | DOCKET NO.: |
| : | |
| EXPEDITIVE LLC | COMPLAINT AND DEMAND FOR |
| : | JURY TRIAL |
| Defendant, | |

## PRELIMINARY STATEMENT

Plaintiff Rhonda Danna, a past employee of defendant Expeditive LLC, alleges that the defendant violated the New Jersey Minimum Fair Wage Act NJMFWA, as well as the Federal Fair Labor Standards Act. Plaintiff from 2012 through her termination in August 2015 regularly worked 60 hours a week in a non-exempt position of office assistant. Despite working 60 hour work week's plaintiff was only paid for 40 hours a week and was neither paid straight time nor overtime for the additional 20 hours per week. In addition, plaintiff alleges breach of contract arising out of the defendant's failure to pay plaintiff the agreed on wage per hour In addition defendant retaliated against the plaintiff by terminating her because she had complained about the defendant's failure to properly compensate her. In addition, plaintiff had engaged in protected activity by

reporting to the defendant an illegal practice that being the willful nonpayment of overtime wages. As a result of plaintiff's whistleblowing the defendant fired her in retaliation thereby violating the New Jersey Consciousness Employee Protection Act (CEPA).

## PARTIES

1. The plaintiff is an individual residing 153 Hellneck Road in Salem, New Jersey.
2. The defendant is in the business of placing employee placement and has its principle place of business at 5 Independence Way, Suite 201, Princeton, New Jersey. The defendant at all times relevant hereto operated as an L.L.C.

## STATEMENT OF FACTS

3. The defendant, Expeditive employed the plaintiff since December 1, 2012 in the capacity of an office assistant.
4. From the inception of plaintiff's employment the plaintiff always worked 60 hours per week and was told she would receive overtime as a non-exempt employee.
5. Despite the representations of defendant, plaintiff was never paid any compensation for hours worked beyond the forty hour work week.
6. The work performed by the plaintiff is secretarial in nature and she performs none of the tasks which would qualify her as exempt.
7. The plaintiff has no discretion as to her work tasks which are given to her by her immediate supervisor, Jim Yarskinsky. The plaintiff supervises no employees, makes no budgetary decisions, does not hire or fire, and has no involvement with the regulatory or licensing of defendant's business

8. The plaintiff performed her work from home where she worked alone. Plaintiff would prepare payroll consistent with specific instructions, prepare correspondence with no discretionary input, and perform other clerical duties such as keeping track of employee benefits per specific instructions.

9. By failing to pay the plaintiff overtime the defendant has willfully violated both the FLSA 29 U.S.C. 201 *et seq* as well as the NJMFWA.

10. In addition, the defendant has breached its contract with plaintiff by which defendant agreed to pay plaintiff overtime for hours worked in excess of 40 per week.

11. On or about August 14, 2015 the plaintiff was discharged in retaliation for voicing concerns regarding her unpaid compensation thereby violating state and federal law as well as the defendant violating New Jersey public policy.

12. On multiple occasions plaintiff had reported to defendant activity which plaintiff reasonably believed to be a violation of law that being the willful failure to pay overtime to a non-exempt employee for working hours in excess of a 40 hour work week. This activity was protected under CEPA yet plaintiff was terminated in retaliation for voicing her objections to this illegal activity.

## COUNT ONE

(Violation of FLSA)

13. Plaintiff incorporates each and every previous allegation as if set forth at length herein.

14. Plaintiff cannot be considered an exempt employee because her position is defined by her job duties rather than any title and she does not fall within the FLSA enumerated exemptions.

15. Nevertheless, despite plaintiff's status as non-exempt the defendant has failed to and continues to fail to pay plaintiff an hourly pay rate equal to one and one half times her regular hourly rate for hours worked in excess of 40 per week.

16. By failing to pay the plaintiff such overtime pay the defendant has willfully violated the FLSA, 29 U.S.C 201 *et seq*.

17. As a result of defendants willful violations of the FLSA, the plaintiff is entitled to compensatory and liquidated damages no less than double the amount of plaintiffs unpaid and underpaid overtime wages

18. The defendant, having been put on notice by its own HR department and by plaintiff as to its failure to properly compensate the plaintiff and having refused to do so is engaging in willful violations of the FLSA. Plaintiff is therefore entitled to recover unpaid and underpaid overtime wages for a period of three years preceding the filing of the lawsuit

19. Further, the defendant has failed to properly notify and advise plaintiff of her rights under the FLSA and/or misrepresented the plaintiffs rights and otherwise engaged in conduct that tolls the statutes' of limitations for recovery of unpaid and underpaid wages under the FLSA.

20. Wherefore, the defendant's violation of the FLSA has resulted in monetary loss as plaintiff was underpaid for work performed.

## COUNT TWO

(Violation of the NJMFWA)

21. Plaintiff repeats each and every previous allegation as if set forth at length herein.

22. Plaintiff was non- exempt in her job capacity and duties and therefore entitled to overtime pay for hours worked in excess of a forty hour work week.

23. Despite plaintiffs non-exempt status, the defendant failed to pay the plaintiff her time and one half .Defendant even acknowledged its obligation to pay plaintiff her overtime statuary rate making this violation egregious, willful and wanton.

24. Under both state and federal law plaintiff is entitled to be compensated for unpaid wages, liquidated damages, and due to her loss of employment, lost wages and damages arising out of her wrongful termination.

25. Wherefore, plaintiff as a result of defendants violation of NJMFWA was underpaid for the work she performed and the hours in which such work was performed.

## COUNT THREE

(Retaliation and hostile work environment in violation of public policy)

26. On numerous occasions plaintiff brought to the attention of the defendant the fact that she was due over time pay based on her job duties and non-exempt status.

27. Plaintiff under both FLSA and NJMFWA was entitled to make these complaints free of retaliation and reprisal. In addition under the *PIERCE* Doctrine the plaintiff strengthens public policy by attempting to enforce statuary requirements.

28. Defendant violated both applicable laws as well as public policy by terminating plaintiff in retaliation for seeking the overtime pay to which she was statuary entitled.

## COUNT FOUR

(Breach of Contract)

29. Plaintiff repeats each and every previous allegation as if set forth at length herein.

30. Plaintiff and defendant entered into a binding contract upon the inception of plaintiff's employment with defendant. The contract clearly stated that plaintiff was entitled to overtime pay at a rate of one and one half her hourly rate. Despite this contractual agreement plaintiff has never been paid either straight time or overtime for substantial hours in which she worked beyond 40 hours.

## COUNT FIVE

(Violation by Defendant of CEPA)

31. Plaintiff repeats each and every previous allegation as if set forth in length

32. Plaintiff held the reasonable belief that defendant had violated various statutes in its failure to pay overtime to non-exempt employees and had reported her concerns to the management.

33. The defendant not only failed to remedy its illegal activity but also terminated the plaintiff in retaliation for reporting its wrongdoing.

34. As a result of defendants violations of CEPA, plaintiff has suffered the loss of her employment, the attendant wages and benefits, and emotional distress damages

## RELIEF REQUESTED

**WHEREFORE,** plaintiff demands judgement against the defendant for the following relief;

a. Award plaintiff all damages to which she is entitled including but not limited to pre judgement and post judgement interest, all unpaid wages and contributions to plaintiffs pension that would have been made as to the plaintiff but for the defendants failure to properly pay overtime wages.

b. Award plaintiff liquidated damages for defendant's willful violations of the FLSA and the NJMFWA and order that the statute of limitations be extended to three years under the FMLA.

c. Award plaintiff reasonable attorney's fees, expert witness fees, and all expenses associated with prosecuting this action.

d. Tax the cost of this action against the defendant, and;

e. Grant such other relief to which the plaintiff may be entitled.

f. Order that in lieu of reinstating plaintiff to her position with the company, compensate her with front pay for her unlawful termination.

g. Award the plaintiff compensatory damages for the injuries, including humiliation and emotional distress damages suffered as a result of defendant's violations of CEPA.

h. Award the defendant punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

Dated: December 1, 2015

LAW OFFICES OF BENJAMIN FRIEDMAN

_____
Benjamin Friedman, Esquire

## CERTIFICATION OF PURSUANT TO RULE 4:5-1

1. I certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in Court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration is contemplated.

Dated: December 1, 2015

LAW OFFICES OF BENJAMIN FRIEDMAN

_____
Benjamin Friedman, Esquire

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, BENJAMIN FRIEMDAN, is hereby designated as trial counsel in this matter.

Dated: December 1, 2015

LAW OFFICES OF BENJAMIN FRIEDMAN

_____
Benjamin Friedman, Esquire