```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RHONDA DANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPEDITIVE, LLC,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>  Civil Action<br>No. 16-34 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

  Before the Court is Plaintiff Rhonda Danna's motion to enforce settlement. [Docket Item 16.] For the reasons that follow, the Court will deny Plaintiff's motion.

  1.  This case arises from Plaintiff Rhonda Danna's employment with Defendant Expeditive, LLC. (Complaint ¶ 3.) Plaintiff avers that Defendant failed to pay overtime wages and retaliated against her for reporting Defendant's allegedly unlawful compensation practices. (See generally Compl.) Plaintiff brought this case before the Superior Court of New Jersey, Law Division, Salem County, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New Jersey state law. Defendant timely removed to federal court. [Docket Item 1.]

  2.  The parties began settlement negotiations at the initial scheduling conference before Magistrate Judge Joel

Schneider on March 16, 2016. On May 9, 2016, the parties reported the case settled, and the Court entered an Order of Dismissal. [Docket Item 12.] Despite continued negotiations between counsel over email and telephone (see Exhibits A-K to Plaintiff's Motion to Enforce Settlement), on June 2, 2016, Plaintiff notified the Court that the parties had run into substantial disagreements and requested that the Court reopen the matter. [Docket Item 13.] Plaintiff then filed this motion to enforce the settlement agreement. [Docket Item 16.] Plaintiff takes the position in her motion that the parties entered into an enforceable agreement over email on April 26, 2016 to settle this case for $40,000, with payment due within 30 days. Defendants argue that no contract was created because too many terms material to the agreement were left open during the email negotiations. Defendants further assert that negotiations broke down when defense counsel "learned of a loan made by Defendant to Plaintiff that was never paid back, in addition to an unresolved dispute regarding health coverage premiums." Def. Br. at 3 [Docket Item 24].

    3.    The construction and enforcement of settlement agreements is governed by state law. Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 348-49 (D.N.J. 1996). Under New Jersey law, a "settlement between parties to a lawsuit is a contract like any other contract." Peskin v. Peskin, 638

2

A.2d 849, 856 (N.J. App. Div. 1994). "A contract arises from offer and acceptance, and must be sufficiently definite so that the performance to be rendered by each party can be ascertainable with reasonable certainty." <u>Weichert Co. Realtors v. Ryan</u>, 608 A.2d 280, 284 (1992). "Therefore parties create an enforceable contract when they agree on its essential terms and manifest an intent that the terms bind them." <u>Baer v. Chase</u>, 392 F.3d 609, 619 (3d Cir. 2004) (citing <u>West Caldwell v. Caldwell</u>, 138 A.2d 402, 410 (N.J. 1958)).

    4.    The emails provided by Plaintiff in her briefing make clear that no binding contract was created at any point between April 26, 2016 and June 1, 2016. While the parties unequivocally agreed that Defendant would pay $40,000 in exchange for Plaintiff releasing all claims, the parties never set the time for performance of the settlement agreement. "[T]he duration of the contract is deemed an essential term and therefore any agreement must be sufficiently definitive to allow a court to determine the agreed upon length of the contractual relationship." <u>Baer</u>, 392 F.3d at 619. Even if the tax treatment of Plaintiff's settlement is not considered an "essential" term, despite email evidence that it was a "potential deal breaker," <u>see</u> Exhibit D, and even if the Court assumes that counsel had the authority to settle the case at any time, despite discussions in the emails of needing client approval regarding

language in the agreement, see Exhibit H, the parties' failure to agree on the time of performance prevents the creation of an enforceable agreement.

5. The continued negotiation of when payment would be due belies Plaintiff's contention that performance was set for 30 days from April 26. See Exhibit B. Plaintiff's counsel needed to request a further update "on the timing issue" on May 6. Exhibit C. On May 12, plaintiff's counsel asked again "Can we make it [payment] 30 days from the date we came to agreement?" Exhibit D. The time for performance was still open as of May 23, when plaintiff's counsel wrote over email that "Time remains a huge concern." Exhibit H. Plaintiff was still open to negotiating the timing of her payment on May 26, when her counsel offered to accept tax withholding in exchange for payment by June 1. Exhibit I. Critically, plaintiff's counsel conceded on June 1 that "At the very least I thought we had agreed on the settlement figure if [sic] 40,000 and were discussing only taxes and timing." Exhibit K. Because the parties never agreed on several essential terms of the purported contract – the time for performance, the tax treatment of such payment, and the resolution of the asserted loan and health insurance premium debts that were discovered while negotiations were onging – no binding contract was formed.

4

6.  For this reason, the Court will deny Plaintiff's motion to enforce settlement. The parties shall meet before Magistrate Judge Joel Schneider for a renewed initial scheduling conference at Judge Schneider's direction.

| | |
|---|---|
| **January 4, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |